UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGG LIN WOODARD,

    Plaintiff,

v.

    Civil Case No. 18-11099
    Honorable Linda V. Parker

ANDREW SAUL, Commissioner
of Social Security Administration,

    Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JULY 22, 2019 REPORT AND RECOMMENDATION [ECF NO. 18]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 14]; (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 16]; AND (4) AFFIRMING DEFENDANT'S DECISION</u>**

Plaintiff filed this lawsuit on April 5, 2018, challenging Defendant's final decision denying his application for benefits under the Social Security Act. On the same date, the matter was referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF

No. 3.)  The parties subsequently filed cross-motions for summary judgment.  (ECF Nos. 14, 16.)

On July 22, 2019, Magistrate Judge Patti issued an R&R in which he recommends that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's decision finding Plaintiff not disabled under the Social Security Act.  (ECF No. 18.)  Magistrate Judge Patti finds substantial evidence in the record to support the administrative law judge's conclusion that Plaintiff can perform a limited range of light work.  Specifically, Magistrate Judge Patti concludes that the evidence does not mandate a finding that Plaintiff's physical and/or psychological severe impairments prevent him from performing jobs for which there exist significant numbers in the national economy.  In reaching this conclusion, Magistrate Judge Patti rejects Plaintiff's arguments that the administrative law judge ("ALJ") (1) failed to develop the record by not ordering a consultative examination to obtain an opinion regarding Plaintiff's physical limitations; and (2) improperly subordinated the opinion of Plaintiff's treating psychiatrist to the non-examining state agency psychological opinion.

At the conclusion of the R&R, Magistrate Judge Patti advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  He further specifically advises the parties that "[f]ailure to file specific

objections constitutes a waiver of any further right to appeal." Plaintiff filed objections to the R&R on August 5, 2019. (ECF No. 19.) Defendant filed a response on August 19, 2019. (ECF No. 20.)

### Standard of Review

Under 42 U.S.C. § 405(g), a claimant may file a civil action seeking review of a final decision of the Commissioner of Social Security. The court may thereafter enter a judgment affirming, modifying, or reversing the Commissioner's decision, with or without remanding the matter for a hearing. 42 U.S.C. § 405(g). The court must affirm the Commissioner's decision if "supported by substantial evidence" and made pursuant to "proper legal standards." *Cutlip v. Sec. of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Perales*, 402 U.S. at 401). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a

3

reviewing court must affirm.  *Studaway v. Sec. of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## The ALJ's Decision and the R&R

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim.  20 C.F.R. § 404.1520(a)(4).  The five-step process is as follows:

> 1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).

4

> 2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).
>
> 3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors. *Id*.
>
> 4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).
>
> 5. At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. *Id*.

If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec. of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since January 17, 2014. (A.R. at 17, ECF No. 10-2 at Pg ID 62.) The ALJ found at step two that Plaintiff has the following severe impairments: insulin dependent diabetes mellitus; asthma; gastroesophageal reflux disease (GERDS); stage II kidney disease; obesity; affective disorder; and anxiety disorder. (*Id*. at 17-18, Pg ID 62-63.) The ALJ next analyzed whether Plaintiff's impairments meet any of the listed impairments and determined they do not. (*Id*. at 18-19, Pg ID 63-64.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform unskilled light work[1] with the following limitations:

---

[1] The Social Security Regulations define "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

must avoid concentrated exposure to pulmonary irritants; never operate a motor vehicle as a job duty; simple, routine, and repetitive tasks performed at svp 1 or 2 as defined in the Dictionary of Occupational Titles; free of fast paced production requirements with few if any work place changes; occasional interaction with supervisors and co-workers; and no interaction with the public.

(*Id*. at 19-20, Pg ID 64-65.) In reaching this conclusion, the ALJ found that the medical evidence of record supports Plaintiff's alleged symptoms and limitations, but not the degree of impairment alleged. (*Id.* at 28, Pg ID 58.)

The ALJ then determined that Plaintiff is not capable of performing his past relevant work as a chef, sous chef, and food order expeditor. (*Id*. at 24-25, Pg ID 69-70.) The ALJ concluded, however, that there are a significant number of jobs in the national economy that Plaintiff can perform considering his age, education, work experience, and RFC. (*Id.* at 25-26, Pg ID 70-71.) Specifically, relying on the vocational expert's testimony, the ALJ identified the following jobs: mail clerk, office helper, and inspector. (*Id.*) The ALJ therefore found Plaintiff not disabled as defined by the Social Security Act. (*Id*. at 26, Pg ID 71.)

As indicated, in his R&R, Magistrate Judge Patti finds no error in the ALJ's decision and substantial evidence to support it. (*See* ECF No. 18.)

---

20 C.F.R. § 416.967. "Unskilled work" is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968.

**Plaintiff's Objections and Analysis**

Plaintiff raises two objections to Magistrate Judge Patti's R&R. First, Plaintiff contends that the ALJ was required to obtain a medical opinion to interpret certain raw medical data in the record into functional limitations. Second, he argues that the ALJ erred when rejecting the opinion of Plaintiff's treating psychiatrist, D. Magoon, M.D.

As to his first assignment of error, Plaintiff argues, citing *Gross v. Commissioner of Social Security*, 247 F. Supp. 3d 824, 829-30 (E.D. Mich. 2017) (Patti, M.J.), that a medical opinion is necessary where the medical evidence requires interpretation and there is no opinion in the record to support the ALJ's RFC finding. The Social Security Act, however, does not require the Commissioner to rely on a physician's RFC assessment, or any other particular piece of evidence. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) ("To require the ALJ to base her RFC finding on a physician's opinion, would, in effect confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determiner whether an individual is disabled."); *see also Mokbel-Alijahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously

8

rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ."). As Magistrate Judge Patti acknowledged in *Gross*, "the social security statute does not contemplate a bright line rule requiring the ALJ to base his or her RFC finding on a physician's opinion." 247 F. Supp. 3d at 829 (discussing 20 C.F.R. § 404.1527(d)).

Nevertheless, there are a number of decisions in this district crediting Plaintiff's argument here—that is, that an ALJ's failure to consider any medical opinion in formulating a plaintiff's RFC results in the ALJ improperly interpreting raw medical data and substituting his or her lay understanding for that of a trained medical professional. *See id.* at 828 (citing cases). The Sixth Circuit has warned that ALJs "'must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)). Courts are particularly inclined to fault an ALJ for drawing functional capacity conclusions from the evidence without the assistance of a medical source where the medical evidence is not clear and does not lend itself to a straight-forward, commonsense conclusion. *See Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D.

9

Ohio 2008); *see also Gross*, 247 F. Supp. 3d at 828 (internal quotations and citations omitted).

Judge Patti reconciled these seemingly disparate lines of cases in *Gross* by focusing on whether the ALJ's decision "'provide[s] an accurate and logical bridge between the evidence and the result.'" 247 F. Supp. 3d at 829-30 (quoting *Pollaccia v. Comm'r of Soc. Sec.*, No. 09-14438, 2011 WL 281044, at *6 (E.D. Mich. Jan. 6. 2011)). Stated differently, the question is whether there is a substantial basis to support the ALJ's decision, beyond his or her own interpretation of raw medical data. *Id*. As Magistrate Judge Patti noted in *Gross*, "there are likely instances in which an ALJ can formulate an RFC without the aid of opinion evidence." *Id*. at 830. "[W]hile it may be true that 'lay intuitions about medical phenomena are often wrong,' *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990), they are sometimes right. And proceeding in a case-by-case fashion finds support in Sixth Circuit precedent." *Williams v. Berryhill*, No. 2:18-cv-10052, 2019 WL 1274821, *3 (E.D. Mich. Mar. 20, 2019).

Magistrate Judge Patti correctly concluded that the ALJ "created a very 'logical bridge' between the evidence upon which he relied and the conclusion that he reached." (R&R at 16, ECF No. 18 at Pg ID 1010.) The medical data for which Plaintiff contends the ALJ should have sought a medical opinion was

10

understandable without the aid of opinion evidence.  Further, substantial record evidence supported the ALJ's assessment as to whether Plaintiff's imaging and examination findings supported medical impairments translating into functional limitations and the ALJ's RFC.  Notably, many of the x-rays and examinations Plaintiff refers to were "normal," do not reflect findings requiring interpretation, and/or were interpreted in the record already by medical professionals.  (*See* A.R. at 832, ECF No. 10-10 at Pg ID 832; A.R. at 494, ECF No. 10-8 at Pg ID 545; A.R. 768, 771-72, ECF No. 10-10 at Pg ID 821, 824-25; A.R. at 753-53, ECF No. 10-10 at Pg ID 806-07.)

There was substantial evidence in the record to support the ALJ's assessment of the remaining records cited by Plaintiff.  For example, while x-rays confirmed a 4th metacarpal shaft fracture on the left hand, dated February 17, 2014, a physician noted on March 28, 2014, that the fracture was well-healed and that any remaining stiffness was normal as of March 28, 2014.  (A.R. at 406, ECF No. 10-8 at Pg ID 457.)  While Plaintiff inverted his left ankle while running in December 2014 (A.R. at 830, ECF No. 10-10 at Pg ID 883), he was prescribed pain medication (ibuprofen and Tramadol), ice and rest, and the record contains no further treatment for that condition.  (*Id*. at 832, Pg ID 885.)  A foot examination on July 30, 2015 revealed diminished vibratory sensation and diminished position

sense at the level of the toes in both feet, and Plaintiff was unable to ambulate and had tenderness over his entire right plantar fascia with limited range of motion on March 9, 2016. (*Id*. at 768, 796-97, ECF No. 10-10 at Pg ID 821, 849-50.) However, at a follow-up visit on March 22, 2016, his pain was under control and his gait was normal. (*Id*. at 763-67, Pg ID 816-20.) Subsequent records do not reflect a continuing problem.

The Court, therefore, rejects Plaintiff's first objection to the R&R. The Court also rejects Plaintiff's second objection to the R&R because the ALJ in fact adequately explained his reasons for giving Dr. Magoon's opinion only partial weight. Plaintiff's objection restates the same arguments he made in his summary judgment motion, which Magistrate Judge Patti adequately and correctly addressed. The Court finds it unnecessary to repeat Judge Patti's analysis here.

In conclusion, the Court rejects Plaintiff's objections to Magistrate Judge Patti's July 22, 2019 R&R and adopts Magistrate Judge Patti's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 14) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 16) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's decision denying Plaintiff's application for benefits under the Social Security Act is **AFFIRMED**.

                                                          s/ Linda V. Parker
                                                          LINDA V. PARKER
                                                          U.S. DISTRICT JUDGE

Dated: September 20, 2019